## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------ x
In re:                                          :
                                                :        Chapter 7
XCELIGENT, INC. and                             :        Case No. 17-12937-CSS
XCELIGENT HOLDINGS, INC.                        :
                Debtors.                         :
------------------------------------------------------------ x
ROSA CIOCCA,               :
on her own behalf and on                        :
behalf of all other persons similarly situated, :        Adversary Proceeding
                                                :        No. _____
                Plaintiff,                       :
                                                :
        - against -                              :
                                                :
XCELIGENT, INC.,                                 :       **CLASS ACTION ADVERSARY**
XCELIGENT HOLDINGS, INC.,                        :       **PROCEEDING COMPLAINT**
and DAILY MAIL and GENERAL TRUST PLC,            :
                Defendants.                       :
------------------------------------------------------------ x
```

## CLASS ACTION ADVERSARY PROCEEDING COMPLAINT

Plaintiff, by and through undersigned counsel, on behalf of herself and all other similarly

situated persons, against Defendants, allege as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

§§ 157, 1331, 1334 and 1367.

2.      This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

### NATURE OF THE ACTION

3.      This is a class action for the recovery, by Plaintiff and other similarly situated

employees of the Defendants, of damages in the amount of 60 days' pay and ERISA benefits by

reason of Defendants' violation of the Plaintiff' rights under the Worker Adjustment and

Retraining Notification Act, 29 U.S.C. § 2101 et seq. (The "WARN Act"). The Plaintiff and the

other similarly situated employees were employees of the Defendants, Xceligent, Inc., Xceligent Holdings, Inc., (collectively, the "Debtor-Defendants") and Daily Mail and General Trust, PLC ("Daily Mail", and collectively with the Debtor-Defendants, the "Defendants") as a single employer until they were terminated as part of, or as a result of plant closings, as defined by the WARN Act (hereinafter, "Plant Closing"), ordered by the Defendants on or about December 14, 2017 and thereafter. Pursuant to the WARN Act, each of the Defendants constituted a "single employer". As such, each of the Defendants violated the WARN Act by failing to give the Plaintiff and other similarly situated employees of the Defendants at least 60 days' advance written notice of termination, as required by the WARN Act. As a consequence, the Plaintiff and other similarly situated employees of the Defendants are entitled under the WARN Act to recover from the Defendants their wages and ERISA benefits for 60 days, none of which has been paid.

## PARTIES

4.      Upon information and belief, Xceligent, Inc. and Xceligent Holdings, Inc. are Missouri corporations.

5.      On December 14, 2017, Defendants Xceligent, Inc. and Xceligent Holdings, Inc. filed with this Court a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code.

6.      Upon information and belief, at all relevant times Defendants, as a single employer, maintained a facility at 103 SE Magellan Dr, Blue Springs, MO 64014 (the "Facility").

7.      Upon information and belief, at all relevant times Defendant Daily Mail was a PLC organized under the laws of Great Britain.

8.      Upon information and belief, at all relevant times Defendant Daily Mail owned 100% of the shares of Xceligent Holdings, Inc.

9.      Upon information and belief, at all relevant times Defendant Xceligent Holdings, Inc. owned 100% of Xceligent Inc.

10.      Plaintiff Rosa Ciocca was nominally employed by Defendant Xceligent, Inc. and, pursuant to the WARN Act, by each of the Defendants as a single employer and worked at the Facility until her termination on or about December 14, 2017.

11.      Until her termination by Defendants, the Plaintiff and other similarly situated persons were employees of Defendants who worked at or reported to the Facility and who were terminated as part of or as a reasonably foreseeable result of Plant Closings ordered and carried out by the Defendants on or about December 14, 2017 and thereafter.

12.      The Plaintiff brings this action on their own behalf and, pursuant to Rules 7023 (a) and (b) (3) of the Federal Rules of Bankruptcy, Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and the WARN Act, 29 U.S.C. § 2104(a)(5), on behalf of all other employees of the Defendants who also worked at the Facility, and who were terminated as part of or as the foreseeable result of plant closings at the Facility ordered by Defendants on or about December 14, 2017 (collectively, the "Class").

13.      On information and belief, Defendants constituted a "single employer" of the Plaintiff and the other Class members under the WARN Act in that among other things:

(a)      At all relevant times, Defendant Daily Mail was the parent company of Xceligent Holdings, Inc.

(b)      At all relevant times, Defendant Xceligent Holdings, Inc., was the parent company of Xceligent, Inc.

- 3 -

(c)     At all relevant times, Defendant Daily Mail owned a 100% interest in Defendant Xceligent Holdings, Inc. and Xceligent, Inc.;

(d)     The Defendants shared common ownership;

(e)     Upon information and belief, Defendants shared common officers and directors.

(f)     On information and belief, Debtor-Defendants maintained common personnel policies put into place by Defendant Daily Mail.

(g)     On information and belief, Daily Mail, at all times maintained de-facto control over the operations of Xceligent, Inc. and Xceligent Holdings, Inc.;

(h)     On information and belief, the Debtor-Defendants were owned, operated and controlled by Daily Mail;

(i)     On information and belief, Defendant Daily Mail exercised complete control over the labor decisions concerning Plaintiff and the Class Members' employment, including the decision to shut down the Facility and terminate their employment on or about December 14, 2017.

(j)     On information and belief, the decision to shut down the Facility without providing proper WARN notice was made by Daily Mail.

## CLASS ACTION ALLEGATIONS PURSUANT TO
## 29 U.S.C. § 2104 OF THE WARN ACT

14.     The Plaintiff and each person she seeks to represent herein, were discharged without cause on their part or as the reasonably foreseeable consequence of the Plant Closing

ordered by Defendants at the Facility on or about December 14, 2017 and are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

15.    The Plaintiff brings this action on her own behalf and, pursuant to the WARN Act, and Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of all other similarly situated former employees of Defendants who were terminated on or about December 14, 2017 and thereafter who worked at the Facility and who were terminated as part of or as the foreseeable result of a Plant Closing at the Facility ordered by the Defendants on or about December 14, 2017.

16.    On or about December 14, 2017, Defendants terminated the Plaintiff's employment as part of a Plant Closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which they were entitled to receive sixty (60) days advance written notice under the WARN Act.

17.    Defendants, as a single employer, failed to give Plaintiff the statutorily required sixty (60) days advance written notice of the Plant Closing in violation of the WARN Act.

18.    Upon information and belief, at or about the time that the Plaintiff were discharged on or about December 14, 2017, Defendants discharged approximately 508 other employees at the Facility (the "Other Similarly Situated Former Employees") without cause on their part.

19.    Pursuant to the WARN Act 29 U.S.C. § 2104(a)(5), the Plaintiff maintains this claim on behalf of herself and each of the Other Similarly Situated Former Employees.

20.    Each of the Other Similarly Situated Former Employees is similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

21.     The Plaintiff and the Other Similarly Situated Former Employees were discharged by Defendants without cause on their part.

22.     The Plaintiff and the Other Similarly Situated Former Employees are "affected employees" within the meaning of the WARN Act 29 U.S.C. § 2101(a)(5).

23.     Defendants were required by the WARN Act to give the Plaintiff and each of the Other Similarly Situated Former Employees at least sixty (60) days prior written notice of their respective terminations.

24.     Prior to their termination, neither the Plaintiff nor the Other Similarly Situated Former Employees received written notice that complied with the requirements of the WARN Act.

25.     Defendants failed to pay the Plaintiff and the Other Similarly Situated Former Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective terminations and failed to make the 401(k) contributions and provide health insurance coverage and other employee benefits under ERISA in respect to them for sixty (60) calendar days from and after the dates of their respective terminations.

## CLASS ACTION ALLEGATIONS PURSUANT TO RULE 7023 (A) AND (B) RULES 23(A) AND (B)(3) OF THE FEDERAL RULES OF CIVIL PROCEDURE

26.     The Plaintiff asserts this claim on behalf of herself and the Other Similarly Situated Former Employees pursuant to Rules 7023 (a) and (b) (3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

27.     The Plaintiff and the Other Similarly Situated Former Employees constitute a class within the meaning of Rules 7023 (a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

28.     Common questions of law and fact are applicable to all members of the Class.

29.     The common questions of law and fact arise from and concern the following facts and actions, among others, that Defendants committed or failed to commit as to all members of the Class: all Class members enjoyed the protection of the WARN Act; all Class members were employees of Defendants who, prior to the terminations, worked at the Facility; Defendants, as a single employer, terminated the employment of all the members of the Class without cause on their part and without giving them at least sixty (60) days' prior written notice as required by the WARN Act; and Defendants failed to pay the Class members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations.

30.     The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this Class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

31.     The Plaintiff's claims are typical of the claims of other members of the Class in that, for each of the several acts described above, the Plaintiff and the Class are, or were, an injured party.

32.     The Plaintiff will fairly and adequately protect and represent the interests of the Class.

33.     The Plaintiff has the time and resources to prosecute this action and has retained counsel who have extensive experience in matters involving employee rights, the WARN Act, class action litigation and bankruptcy court litigation.

34.     The Class is so numerous as to render joinder of all members impracticable as there are approximately 508 persons who are included in the Class.

35.     The Class meets the requirements of Fed. R. Civ. P. 23(a) for class certification.

36.     The Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

37.     Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Class members.

38.     On information and belief, the identity of the Class members is contained in the books and records of Defendants.

39.     On information and belief, a recent residence address of each of the Class members is contained in the books and records of Defendants.

40.     On information and belief, the rate of pay and benefits that was being paid by Defendants to each Class member at the time of his/her termination are contained in the books and records of Defendants.

- 8 -

41.     As a result of Defendants' violation of the WARN Act, the Plaintiff and the other members of the Class have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, 401(k) contributions for sixty (60) calendar days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty (60) calendar days after the dates of their respective terminations; and (c) medical expenses incurred during such period by such persons that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period.

## THE CLAIM FOR RELIEF

42.     At all relevant times, the Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

43.     At all relevant times, each Defendant was an "employer", as that term is defined in 29 U.S.C. § 2101(a)(1), 20 C.F.R. § 639(a) and continued to operate as a business until it ordered a plant closing and terminations at the Facility.

44.     The Defendants constituted a "single employer" of the Plaintiff and Class members under the WARN Act.

45.     On or about December 14, 2017 the Defendants as a single employer ordered a Plant Closing at the Facility.

46.     The Plant Closings at the Facility resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty (50) of Defendants' employees at the Facility

as well as 33% of Defendant's workforce at the Facility, excluding "part-time employees," as that term is defined by the WARN Act, 29 U.S.C. §2101(a)(8).

47.    The Plaintiff and each of the other members of the Class were discharged by Defendants without cause on their part, as part of or as the reasonably foreseeable result of the Plant Closing ordered by Defendants at the Facility.

48.    The Plaintiff and each of the other members of the Class are "affected employees" of Defendants within the meaning of 29 U.S.C. §2101(a)(5).

49.    The Defendants were required by the WARN Act to give the Plaintiff and each of the other members of the Class at least 60 days advance written notice of their termination.

50.    The Defendants failed to give the Plaintiff and other members of the Class written notice that complied with the requirements of the WARN Act.

51.    The Plaintiff, and each of the other members of the Class are, an "aggrieved employee" of the Defendants as that term is defined in 29 U.S.C. §2104 (a)(7).

52.    The Defendants failed to pay the Plaintiff and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

53.    The relief sought in this proceeding is equitable in nature.

WHEREFORE, the Plaintiff and Class members demand judgment, jointly and severally, against the Defendants as follows:

a.    An allowed claim against the Debtor-Defendants and a judgment against Daily Mail in favor of the Plaintiff and Class members equal to the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for a maximum of 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A). With regard to the allowed claim sought in this paragraph against the Debtor-Defendants, Plaintiff seeks administrative priority status for themselves and the Class members, for amounts attributable to the post-petition WARN violation period, as well as priority status for any pre-petition portion of the Plaintiff' and Class members' WARN Act claims, pursuant to 11 U.S.C. § 507(a)(4) and (5) up to $12,850, with any remainder as a general unsecured claim.

b.    Certification that, pursuant to Rules 7023 (a) and (b) (3) of the Federal Rules of Bankruptcy, Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure , and the WARN Act, Plaintiff and the Other Similarly Situated Former Employees constitute a single class;

c.    Appointment of the undersigned attorneys as Class Counsel;

d.    Appointment of Plaintiff as the Class Representatives and payment of reasonable compensation to her for their services as such;

e.    Interest as allowed by law on the amounts owed under the preceding paragraphs;

f.    An allowed administrative priority claim against Debtor-Defendants under 11 U.S.C. § 503 and a judgment against Daily Mail for the reasonable attorneys' fees and the costs and disbursements that the Plaintiff incur in prosecuting this action, as authorized by the WARN Act; and

- 11 -

g.    Such other and further relief as this Court may deem just and proper.

Dated: December 15, 2017

Respectfully submitted,

*/s/ James Huggett*
James E. Huggett, Esquire (#3956
300 Delaware Avenue, Suite 800
Wilmington, DE 19801
P: (302) 888-1112
F: (302) 888-1119
jhuggett@margolisedelstein.com

**THE GARDNER FIRM, P.C.**
Mary E. Olsen, Esq. (OLSEM4818)
M. Vance McCrary, Esq.
(MCCRM4402) 210 S. Washington
Avenue
Mobile, AL 36602
Telephone: (251) 433-8100
Facsimile:  (251) 433-8181

**LANKENAU & MILLER, LLP**
Stuart J. Miller, Esq. (SJM 4276)
132 Nassau Street, Suite 1100
New York, New York 10038
Telephone: (212) 581-5005
Facsimile: (212) 581-2122

Cooperating Attorneys for the NLG Maurice
and Jane Sugar Law Center for Economic and
Social Justice
*Attorneys for Plaintiff and the Putative Class*