## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>Xceligent, Inc.<br>　　　　Debtor. | Chapter 7<br>Case No. 17-12937 (CSS) |
| In re:<br>ePropertyData.com, LLC<br>　　　　Debtor. | Chapter 7<br>Case No. 17-12938 (CSS) |
| In re:<br>Karnes Research Company, LLC<br>　　　　Debtor. | Chapter 7<br>Case No. 17-12939 (CSS)<br><br>Hearing Date:　　April 11, 2018 at 10:45 a.m.<br><br>Objection Date:　April 4, 2018 at 4:00 p.m. |

**TRUSTEE'S MOTION FOR ENTRY OF ORDER EXTENDING TIME TO ASSUME OR REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF RESIDENTIAL REAL PROPERTY AND/OR PERSONAL PROPERTY PURSUANT TO 11 U.S.C. § 365(d)(1)**

Alfred T. Giuliano, as chapter 7 trustee (the "Trustee") for the estates (the "Estates") of the above-captioned debtors (the "Debtors"), hereby files this motion (the "Motion") for an order extending the deadline to assume or reject executory contracts and unexpired leases of residential real property and/or personal property pursuant to 11 U.S.C. § 365(d)(1) to and including April 13, 2018. In support of the Motion, the Trustee respectfully states as follows:

### Jurisdiction, Core Nature, and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. § 1409.

**Background**

2. Prior to the commencement of these bankruptcy cases, the Debtors were a multi-market provider of commercial real estate ("CRE") information services and listing database products, which were used by CRE professionals and other companies involved in buying, selling, leasing, developing and/or managing CRE.

3. On December 14, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

4. On or about the Petition Date, the Office of the United States Trustee appointed the Trustee as the chapter 7 trustee for the Estates of the Debtors, and the Trustee continues to serve in this capacity.

5. Since his appointment, the Trustee has been working diligently to secure and evaluate the assets of the Debtors, including but not limited to engaging in discussions with multiple parties that have expressed an interest in purchasing assets of the Estates.

6. The Trustee is presently negotiating an asset purchase agreement (an "APA") with a prospective purchaser (the "Prospective Purchaser") for the purchase of substantially all assets of the Estates. The Prospective Purchaser has provided the Trustee with a proposed APA that the Trustee anticipates finalizing with the Prospective Purchaser in the near term. Once the APA is finalized, the Trustee will file a motion for an order approving the APA. The Trustee anticipates filing a motion to approve a finalized APA with the Prospective Purchaser within the next thirty (30) days.

7.  Notably, the proposed APA that the Trustee is finalizing for the benefit of the Estates with the Prospective Purchaser includes provisions for the transfer of certain contracts and/or leases that will be designated by the Prospective Purchaser in the finalized APA. The proposed APA also provides that the Prospective Purchaser shall, at closing, pay, perform and discharge when due any amounts payable to counterparties to such designated contracts and/or leases pursuant to section 365(b)(1)(A) or (B) of the Bankruptcy Code in connection with the assumption and assignment of such contracts and/or leases to the Prospective Purchaser.

8.  Accordingly, the Debtors' executory contracts and unexpired leases of residential real property and/or personal property (the "Contracts")[1] may have value to the Prospective Purchaser, except for those Contracts specifically identified on Exhibit "A" attached to this Motion (the "Excluded Contracts")[2] which the Prospective Purchaser has no interest in acquiring. As such, preservation of the executoryness of the Contracts with exception of the Excluded Contracts (the "Potentially Assigned Contracts") through completion of a sale of the Estates' assets is necessary to maximize value for the Estates. With regard to Excluded Contracts, such Excluded Contracts are deemed rejected by operation of law pursuant to section 365(d)(1) of the Bankruptcy Code, effective as of February 13, 2018.

9.  The Trustee must make certain that the Potentially Assigned Contracts will not be deemed rejected by operation of law. Consequently, in the exercise of his business judgment, the Trustee has determined for the benefit of the Estates that he should seek an extension of the section 365(d)(1) deadline for the Potentially Assigned Contracts.

---

[1] Nothing in this Motion shall constitute an admission that any particular agreement to which the Estates may be a party constitutes an executory contract or an unexpired lease of residential real property and/or personal property for purposes of section 365 of the Bankruptcy Code.

[2] The Trustee reserves the right to add additional Contracts to the list of Excluded Contracts prior to the entry of an Order approving this Motion.

02/12/2018
LEGAL\34400328\5 00600.9698.000/420979.000

## Summary of Relief Requested

10. The Trustee requests the entry of an order extending the deadline by which he may assume or reject the Potentially Assigned Contracts, pursuant to section 365(d)(1) of the Bankruptcy Code, to and including April 13, 2018.

## Applicable Authority

11. Section 365(d)(1) of the Bankruptcy Code states:

> In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected.

12. "Cause" is not defined in the Bankruptcy Code and is determined based on the facts and circumstances of each case. *See Izzarelli v. Rexene Prods. Co. (In re Rexene Prods. Co.)*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (interpreting cause under section 362 of the Bankruptcy Code) (quoting *Int'l Bus. Machines v. Fernstrom Storage and Van Co. (In re Fernstrom Storage and Van Co.*), 938 F.2d 731,735 (7th Cir. 1991)). However, if a request is not made to enlarge the period to assume or reject within the sixty (60) day period identified in section 365(d)(1), the contract is deemed rejected and the court losses its discretion to extend. *In re Benson*, 76 B.R. 381, 382 (Bankr. D. Del. 1987) ("The court has no discretion with respect to enlarging the 60-day time period if a request for extension is not made within that period"); *In re Food Barn Stores, Inc.*, 174 B.R. 1010, 1016 (Bankr. W.D. Mo. 1994) (explaining court lacks authority to grant assumption of lease once deemed rejected).

## Analysis

13. The sixtieth (60th) day following the Petition Date is February 12, 2018. The Trustee respectfully submits that in the present case sufficient "cause" exists for extension of the deadline to assume or reject the Potentially Assigned Contracts under section 365(d)(1) of the Bankruptcy Code. The Trustee anticipates that the Prospective Purchaser will designate the Potentially Assigned Contracts that it desires to acquire shortly as part of the finalized APA. However, at this point, the Prospective Purchaser is still completing its diligence with respect to the Debtors assets and any Contracts that it desires to obtain. Accordingly, many of the Potentially Assigned Contracts may be vital to the Trustee's ability to obtain maximum possible value from a sale of the Estates' assets.

14. As the sale process progresses, the Trustee may seek to reject those Potentially Assigned Contracts that the Prospective Purchaser has no interest in acquiring and/or that otherwise appear to have no value to the Estates. However, at the present time, the Trustee believes that preserving all of the Potentially Assigned Contracts for an additional period of time is imperative, in order to avoid the possibility that a potentially valuable Contract will become rejected by operation of law.

15. The Trustee believes that his requested extension – through and including April 13, 2018 – would allow him sufficient time to conclude a sale process with the Prospective Purchaser for the Debtors' assets prior to the Potentially Assigned Contracts becoming rejected by operation of law. The Trustee respectfully submits that this extension is reasonable, and should be approved under these circumstances.

**Notice**

16.     Notice[3] of this Motion has been given to (i) the Office of the United States Trustee; (ii) the Debtors' counsel; (iii) the parties appearing in Schedule G of the Schedules of Assets and Liabilities prepared by the Debtors; (iv) the Debtors' secured creditors as appearing in Schedule D of the Schedules of Assets and Liabilities prepared by the Debtors; and (v) all parties who have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002. In light of the nature of the relief requested, the Trustee submits that no further notice need be given.

WHEREFORE, the Trustee respectfully requests that the Bankruptcy Court enter an order substantially in the attached form: (i) extending the time for the assumption or rejection of the Potentially Assigned Contracts by sixty (60) days, through and including April 13, 2018, without prejudice to the Trustee's ability to request and obtain additional extensions; (ii) rejecting the Excluded Contracts by operation of law pursuant to section 365(d)(1) of the Bankruptcy Code, effective as of February 13, 2018; and (iii) granting any such further relief as may be appropriate.

---

[3] The service of this Motion on any party shall not constitute an admission that such party and the Debtors are parties to an executory contract or an unexpired lease of residential real property and/or personal property for purposes of 11 U.S.C. § 365.

| | |
|---|---|
| Date:  February 12, 2018<br>　　　Wilmington, DE | **COZEN O'CONNOR**<br><br>By:　*/s/ John T. Carroll, III*<br>　　　John T. Carroll, III (DE No. 4060)<br>　　　Keith L. Kleinman (DE No. 5693)<br>　　　1201 North Market Street<br>　　　Suite 1001<br>　　　Wilmington, DE  19801<br>　　　302-295-2000<br>　　　302-295-2013 Fax<br>　　　jcarroll@cozen.com<br>　　　kkleinman@cozen.com<br><br>　　　*Counsel to the Chapter 7 Trustee,*<br>　　　*Alfred T. Giuliano* |

7